ARTHUR KAUFFMAN, Respondent, v. KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, June 15, 1896.**

1. **Railroads:** FENCES: TRESPASSING STOCK. The evidence and pleadings in this case reviewed and *held* sufficient to support the finding of the jury and its distribution of damages equally among five separate trespasses counted on in the petition.

2. **Damages:** INSTRUCTIONS: COMMINGLED. Evidence in this case is *held* insufficient to submit to the jury the question of intermingling of damages, and the instructions taken together *held* to fairly submit all the issues to the jury.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Trimble & Braley* and *L. L. Scott* for appellant.

(1) There was no evidence to take the cause to the jury. Because, although the evidence showed that the cattle had gotten out of the north pasture into the right of way through a defective railroad fence, yet there was no evidence that they came from the right of way into the plaintiff's corn field. Because the plaintiff failed to offer any evidence whatever upon a single count of his petition. The defendant was entitled to have the plaintiff prove each count in his petition as alleged. In no other way could the defendant be advised of the amount of its liability on each cause of action. *Bricker v. Railroad*, 83 Mo. 391; Pomeroy's Remedies and Remedial Rights [2 Ed.], sec. 554, p. 611. (2) Instruction number 1, given by the court at the request of the plaintiff, is erroneous. *Ackley v. Railroad*, 30 Mo. App. 657. (3) The second instruction is open to the same criticism as the first, and in addition, it practically instructs the jury to find a general verdict on all counts instead of a verdict on each count. *Ackley v. Railroad*, 30 Mo. App. 657. (4) The third instruction is erroneous for the reason that there was no evidence whatever from which the jury could make a separate finding upon each count, and it is in conflict with the other instructions. (5) Instructions numbered 4 and 5, asked by the defendant and refused by the court, should have been given, for the reason that Dan Reardon's evidence showed that on one occasion, at least during the last of August or the first of September, some cattle came along the public road on the west side of the farm, into the plaintiff's barn yard, and house yard, and that within half an hour afterward these same cattle were in the plaintiff's corn. *Patchin v. Biggerstaff*, 25

Mo. App. 535; *Hess v. Powell*, 29 Mo. App. 411; *Doan v. Railroad*, 38 Mo. App. 408.

*G. S. Hoss* for respondent.

(1) It can not be said with any consistency, as claimed by appellant, that the damages allowed by the jury were excessive. (2) Now, as to what cattle did the damage, and as to how they got from their inclosure there is no room for doubt. It is stated positively by the plaintiff that he knew the cattle got in at this place, and that he saw their tracks. (3) The witness Armstrong testifies that there was no place around plaintiff's field where the cattle got into the field, and that he could have told if they did get in through Kauffman's fence. (4) We submit that the instructions in this case, given by the court, fairly and impartially presented the law, and that error was not committed by the court in giving those asked by the plaintiff nor in refusing those numbers 4 and 5 asked by the defendant.

SMITH, P. J.—This action is based on section 2611, Revised Statutes. The petition contained five separate and distinct counts, each alleging that at a certain time and place the defendant had failed to maintain lawful fences along the sides of its road, where the same passed through and along cultivated and inclosed fields, etc., in consequence of which a certain herd of cattle strayed from adjoining fields and came across defendant's right of way and trespassed on plaintiff's land and damaged his crop of corn thereon growing, etc.

The answer put in issue the allegation of each count.

There was a trial and separate finding by the jury of $18 damages on each count of the petition. There

was judgment given accordingly, from which defendant has appealed.

The uncontradicted evidence showed that defendant's fences were not such as are required by the statute. Nor does the evidence leave any room to doubt that the cattle strayed from the defendant's right of way onto the plaintiff's field and there destroyed his growing crop of corn. It is alleged in the several counts of the petition that the cattle invaded the plaintiff's field on the third, fifth, seventh, ninth, and eleventh days of September, and that the damage done on each occasion was $30. The evidence tends to show that plaintiff's field contained from thirty to thirty-five acres, and that the yield of corn growing thereon was about forty bushels per acre, and that the same was worth thirty cents per bushel. It further tended to show that about one third of the crop had been destroyed by the cattle. It is clear from this that the value of the crop destroyed was at least $90, the aggregate amount found by the jury.

But it is contended by defendant that the evidence does not disclose the exact amount of damage done by the cattle by each separate trespass. There was evidence tending to show that at each trespass the cattle remained in the plaintiff's field about an equal length of time. The jury, no doubt, estimated the damages done by the cattle to have been the same at each trespass. They accordingly must have ascertained the whole amount of the damage done to be $90, and this amount they apportioned equally among the five counts. This ascertainment was authorized by the evidence. It was fair and just. The amount so found was no more than the evidence showed the plaintiff was entitled to recover for the loss of his crop. The defendant was in no way harmed by the result.

It is true that one witness testified that on one

occasion he saw some cattle—how many he did not remember—stray through the plaintiff's gate into his field, but how long they remained, or what damage, if any, they did, he did not know. It is not believed that this was sufficient evidence to justify the giving of the defendant's fourth and fifth instructions, in relation to the mingling of damages.

The plaintiff's first and second instructions told the jury in effect that, if, in consequence of the neglect of defendant to perform its statutory duty in respect to its fences, and on account thereof, the cattle escaped from adjoining inclosures and came upon the field of plaintiff and did damage to his corn, their verdict should be for the plaintiff. But the court, by its third instruction for plaintiff, told the jury to make a separate finding on each count of the petition, and this, we think, obviated the objection to which plaintiff's instructions would otherwise have been subject. The instructions given for both plaintiff and defendant, when taken in their entirety, we think fairly submitted the issues to the jury.

The judgment was clearly for the right party, and must be affirmed. All concur.